JAEMIN CHANG (SBN 232612)
Jchang@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:   415-364-5540
Facsimile:    415-391-4436

Attorneys for Plaintiffs Baskin-Robbins
Franchising LLC; BR IP Holder LLC; and
DB Real Estate Assets I, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASKINS-ROBBINS FRANCHISING LLC, a Delaware limited liability company; BR IP HOLDER LLC, a Delaware limited liability company; and DB REAL ESTATE ASSETS I LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SINGH & SONS INC, a California corporation; SHANGARA SINGH; and TEJINDER SINGH,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiffs Baskin-Robbins Franchising LLC, BR IP Holder LLC, and DB Real Estate Assets I LLC (hereinafter, unless specifically identified, referred to as "Plaintiffs" or "Baskin-Robbins'"), sue Defendants Singh & Sons Inc., Shangara Singh and Tejinder Singh and allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for breach of contract, trademark infringement, trade dress infringement, and unfair competition arising from Defendants' repeated violations of their Franchise Agreement and personal guarantees with Plaintiffs.  Defendants were notified that they were in default of the Franchise Agreement based on their failure to

pay required fees and other amounts to Plaintiffs. Since receiving notice to cure on December 10, 2018, Defendants have continued to not pay amounts due which have escalated the total receivable. As a result of Defendants' failure to cure the previous monetary defaults, Defendants are no longer entitled to an opportunity to cure their financial defaults. Accordingly, Plaintiffs recently sent Defendants a Notice of Termination with respect to their Baskins-Robbins franchised business terminating their Franchise Agreement and sublease. Defendants requested certain credits to be applied on account, and the credits were applied. Nonetheless, Defendants failed to pay the remaining amount due and continue to operate the Baskins-Robbins shop and have failed to comply with their post-termination obligations in breach of the Franchise Agreement. Additionally, Defendants' continued use and enjoyment of Plaintiffs' trademarks, trade name, and trade dress after the effective date of the termination of the Franchise Agreement is a violation of the Lanham Act, 15 U.S.C. §§ 1051, et seq. Plaintiffs seek injunctive relief, monetary damages, and other relief against Defendants for the reasons set forth below.

**JURISDICTION AND VENUE**

2. This action arises, in part, under Chapter 22 of Title 15 of the United States Code, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), and presents, inter alia, federal questions involving trademark infringement and unfair competition.

3. This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a) and 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367(a). The amount in controversy, including the objects of the litigation, exceeds $75,000, exclusive of interest and costs.

4. This Court has *in personam* jurisdiction over Defendants because they conduct business in this district, they are residents of this district, and/or the events giving rise to Plaintiffs' claims occurred in this district.

5. This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, a substantial part of the events giving rise to Plaintiffs' claims occurred in this district, and/or this is the judicial district in which Defendants are subject to personal jurisdiction.

**PARTIES**

7. Plaintiff Baskins-Robbins Franchising LLC is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts. It is engaged in the business of franchising independent business persons to operate Baskins-Robbins shops throughout the United States. Baskin-Robbins franchisees are licensed to use the trade names, service marks, and trademarks of Baskins-Robbins and to operate under the Baskins-Robbins system, which involves the production, merchandising, and sale of ice cream and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and identification.

8. Plaintiff BR IP Holder LLC, is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts. BR IP Holder LLC is the owner of the trademark, service mark, and trade name "Baskins-Robbins" and related marks.

9. Plaintiff DB Real Estate Assets I LLC is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts. DB Real Estate Assets I LLC is the successor in interest to the sub-landlord at the premises and the direct landlord of defendant Singh & Sons Inc. Unless otherwise specified, Baskins-Robbins Franchising LLC, DB Real Estate Assets I LLC and BR IP Holder LLC are collectively referred to herein as "Baskins-Robbins."

10. DB Master Finance LLC, a Delaware limited liability company, is the sole member of plaintiff BR IP Holder LLC. In turn, the sole member of DB Master Finance LLC is Baskins-Robbins International LLC, a Delaware limited liability company. The

1 sole member of Baskins-Robbins International LLC is Baskins-Robbins Flavors LLC, a Delaware limited liability company.  The sole member of Baskins-Robbins Flavors LLC is Baskins-Robbins USA LLC, a California limited liability company.  The sole member of Baskins-Robbins USA LLC is Baskin-Robbins LLC, a Delaware limited liability company.  The sole member of Baskins-Robbins LLC is Mister Donut of America LLC, a Delaware limited liability company.  The sole member of Mister Donut of America LLC is Dunkin' Donuts USA LLC, a Delaware limited liability company. The sole member of Dunkin' Donuts USA LLC is Dunkin' Donuts LLC, a Delaware limited liability company.  The sole member of Dunkin' Donuts LLC is Dunkin' Brands, Inc., a Delaware corporation.  The principal place of business of all the foregoing entities is at Canton, Massachusetts.

11.    The sole member of plaintiff Baskins-Robbins franchising LLC is DB Franchising Holding Company LLC, which is a Delaware limited liability company with its principal place of business at Canton, Massachusetts.  In turn, the sole member of DB Franchising Holding Company LLC is DB Master Finance LLC.  As stated above, DB Master Finance LLC is a Delaware limited liability company with its principal place of business in Canton, Massachusetts.  In turn, the sole member of DB Master Finance LLC is Baskins-Robbins International LLC, a Delaware limited liability company.  The sole member of Baskins-Robbins International LLC is Baskins-Robbins Flavors LLC, a Delaware limited liability company.  The sole member of Baskins-Robbins Flavors LLC is Baskins-Robbins USA LLC, a California limited liability company.  The sole member of Baskins-Robbins USA LLC is Baskin-Robbins LLC, a Delaware limited liability company.  The sole member of Baskins-Robbins LLC is Mister Donut of America LLC, a Delaware limited liability company.  The sole member of Mister Donut of America LLC is Dunkin' Donuts USA LLC, a Delaware limited liability company.  The sole member of Dunkin' Donuts USA LLC is Dunkin' Donuts LLC, a Delaware limited liability company.  The sole member of Dunkin' Donuts LLC is Dunkin' Brands, Inc., a Delaware corporation.  The principal place of business of all the foregoing entities is at Canton, Massachusetts.

12.    The sole member of plaintiff DB Real Estate Assets, LLC is Baskins-

Robbins USA, LLC. The sole member of Baskins-Robbins USA LLC is Baskin-Robbins LLC, a Delaware limited liability company. The sole member of Baskins-Robbins LLC is Mister Donut of America LLC, a Delaware limited liability company. The sole member of Mister Donut of America LLC is Dunkin' Donuts USA LLC, a Delaware limited liability company. The sole member of Dunkin' Donuts USA LLC is Dunkin' Donuts LLC, a Delaware limited liability company. The sole member of Dunkin' Donuts LLC is Dunkin' Brands, Inc., a Delaware corporation. The principal place of business of all the foregoing entities is at Canton, Massachusetts, and are ultimately owned by Dunkin' Brands, Inc.

13. Defendant Singh & Sons Inc ("Singh & Sons") is a California corporation with its principal place of business in Orange Cove, California. At all times relevant to this action, Singh & Sons was the owner and operator of a retail Baskins-Robbins shop located at 423 S. Main Street, Visalia, California 93291 pursuant to a Franchise Agreement with Baskins-Robbins Franchising LLC dated August 1, 2016.

14. Defendants Shangara Singh and Tejinder Singh are natural persons and, upon information and belief, citizens and residents of the state of California. They have personally guaranteed the obligations of Singh & Sons pursuant to personal guarantees executed with respect to the Franchise Agreement.

**FACTUAL BACKGROUND**

15. Baskin-Robbins Franchising LLC is the franchisor of the Baskins-Robbins franchise system.

16. BR IP Holder LLC is the owner of the trademarks, service marks, logos, emblems, trade dress and trade name "Baskins-Robbins," and related marks. Baskin-Robbins has the exclusive license to use and license others to use these marks and trade name and has used them continuously since approximately 1946 to identify Baskins-Robbins shops, and the ice cream and other products associated with those shops.

17. BR IP Holder LLC owns numerous federal registrations for the mark "Baskins-Robbins" or derivations thereof, as well as related marks. Each of these registrations is in full force and effect, and most of them are incontestable pursuant to 15

U.S.C. § 1065. Each registration is prima facie evidence of the validity of the registration of BR IP Holder LLC's ownership of the Baskins-Robbins marks, and of Baskins-Robbins' exclusive right to use those marks in commerce on the services and goods listed above, as provided in 15 U.S.C. §§ 1057(b) and 1115(a).

18. Plaintiff BR IP Holder LLC is the registrant of these Baskins-Robbins® trademarks which Defendants are using: Nos. 1,185,045 dated January 5, 1982, 3,346,956 dated December 4, 2007, 3,346,955 dated December 4, 2007, 3,346,957 dated December 4, 2007, 3,346,954 dated December 4, 2007, 3,779,293 dated April 20, 2010, and 3,779,292 dated April 20, 2010.

19. The Baskins-Robbins marks are utilized in interstate commerce.

20. The Baskins-Robbins marks have been very widely advertised and promoted by Baskins-Robbins over the years. As a result, the Baskins-Robbins marks have become famous throughout the United States.

21. Baskin-Robbins and its franchisees currently operate more than 7,800 shops worldwide, including over 2,500 shops in the United States. In the more than sixty seventy (70) years since the Baskins-Robbins system began, millions of customers have been served in Baskins-Robbins shops.

22. As a result of the extensive sales, advertising, and promotion of items identified by the Baskins-Robbins marks, the public has come to know and recognize the Baskins-Robbins marks, and associate them exclusively with products and services offered by Baskins-Robbins and its franchisees. The Baskins-Robbins marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Baskins-Robbins, representing and embodying Baskins-Robbins' considerable goodwill and favorable reputation.

**OBLIGATIONS UNDER THE FRANCHISE AGREEMENT**

23. On or about August 1, 2016, Singh & Sons entered a Franchise Agreement with Baskins-Robbins Franchising LLC, which granted it the right a franchise to operate a Baskins-Robbins shop utilizing the Baskins-Robbins system (the "Franchise Agree-

ment").

24. Singh & Sons was licensed to use the Baskins-Robbins trademarks, trade names, and trade dress in accordance with the terms of its Franchise Agreement.

25. Under the Franchise Agreement, Singh & Sons agreed to use Baskins-Robbins' proprietary marks, including, but not limited to, their trademarks, service marks, logos, emblems, trade dress and other indicia of origin, only in the manner and to the extent specifically licensed by the Franchise Agreement. (Franchise Agreement, Terms and Conditions §§ 2.1, 2.4(a) and 9.0, a true and correct copy of which is attached as Exhibit 1).

26. Under the Franchise Agreement, Singh & Sons agreed to, among other things, (i) pay a franchise fee equal to 5.9% of gross sales of the business, (ii) pay an advertising fee equal to 5.0% of gross sales of the business, (iii) pay late fees, interest and costs on unpaid monies due under the Franchise Agreement, and (iv) pay all sums owing and any damages, interest, costs and expenses, including reasonable attorneys' fees, incurred as a result of Defendants' defaults. (Franchise Agreement §§ 5.2, 5.3, 5.7, 14.4.4 and 14.7.1).

27. Singh & Sons agreed that it would be in default under the Franchise Agreement if it breached any obligation under the Franchise Agreement, including failing to pay any of the required fees. (*Id.* § 14.0.1).

28. Singh & Sons agreed that Baskins-Robbins may terminate the Franchise Agreement if Singh & Sons defaulted under the Franchise Agreement or if it failed to timely cure any default. (*Id.* § 14.6).

29. In addition, Singh & Sons agreed that it would be a default under the Franchise Agreement if it failed to pay any of the required fees and, after receiving written notice of the failure to pay and seven (7) days to cure the default, if the default remained uncured, that Baskins-Robbins would have the right to terminate the Franchise Agreement. (*Id.* § 14.1.2).

30. Furthermore, Singh & Sons agreed that Baskins-Robbins may terminate

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

the Franchise Agreement without providing an opportunity to cure if Singh & Sons defaulted under the sublease and failed to cure such default after receiving the notice to cure.

31. Singh & Sons agreed that upon the termination of the Franchise Agreement, its right to use the Baskins-Robbins proprietary marks and system would cease, and it would immediately cease to operate the franchised businesses, cease to use the proprietary marks and system, and would not, directly or indirectly, hold itself out as a present or former Baskins-Robbins' franchisee. (*Id.* §§ 14.6, 14.7.2 and 14.7.3).

32. Singh & Sons agreed that any unauthorized use of the Baskins-Robbins proprietary marks following termination of the Franchise Agreement would result in irreparable harm to Baskins-Robbins, and would constitute willful trademark infringement. (*Id.* §§ 9.3, 10.3, 10.4 and 14.5).

33. Defendants Shangara Singh and Tejinder Singh (collectively, "Guarantors"), personally guaranteed Singh & Sons' obligations under the Franchise Agreement. (*Id.* at Guarantee.)

**DEFENDANTS' DEFAULT AND TERMINATION**

34. Defendants breached the Franchise Agreement and Personal Guarantees, as applicable, by failing to pay the required fees, and/or other amounts owed to Plaintiffs.

35. Pursuant to the applicable provisions of the Franchise Agreement, on December 10, 2018, Baskins-Robbins sent Singh & Sons a Notice to Cure notifying Singh & Sons that it was in default of the Franchise Agreement and sublease based on its failure to pay required fees.

36. Since receiving the December 10, 2018 Notice to Cure, Singh & Sons is continuing in default of the Franchise Agreement and sublease based on its failure to pay required fees to Baskins-Robbins.

37. As a result of Defendants' failure to cure their defaults under the Franchise Agreement and sublease, pursuant to Sections 14.1.2 and 14.2 of the Franchise Agree-

ment, on February 14, 2019, Baskins-Robbins sent Defendants a Notice of Termination with respect to the franchised business (the "Notice of Termination"). The Notice of Termination terminated the Franchise Agreement and sublease, stated the grounds for termination, and requested that Defendants immediately comply with their payment and de-identification obligations as set forth in the Franchise Agreement.

38. Notwithstanding Defendants' non-performance under the Franchise Agreement, the resulting termination of the Franchise Agreement, and the Notice of Termination, Defendants have continued to operate the Baskins-Robbins shop using Baskins-Robbins' marks and system without having any right or license to do so.

39. Defendants' continued unauthorized use of the Baskins-Robbins marks and system is causing and will continue to cause Baskins-Robbins irreparable harm.

40. Plaintiffs have been forced to engage undersigned counsel to represent them in this case.

41. Plaintiffs are obligated to pay undersigned counsel a reasonable fee for professional services provided in this case.

## COUNT I

### Breach of Contract - Breach of the Franchise Agreement and Sublease
### (Against Defendant Singh & Sons)

42. The allegations of the proceeding paragraphs are hereby incorporated by reference.

43. Baskin-Robbins has performed all of its obligations under the Franchise Agreement and sublease.

44. Singh & Sons' conduct described herein constitutes a breach of the above-described contractual obligations contained in the Franchise Agreement and sublease.

45. That breach constitutes good cause for terminating the Franchise Agreement and sublease.

46. As a result of Singh & Sons' actions and inactions, Defendants are holding over possession and Plaintiffs have suffered and are continuing to suffer irreparable

harm, and have incurred and are continuing to incur monetary damages in the current amount of $41,540.37, plus reasonable attorneys' fees and costs.

## COUNT II

## Breach of Contract - Breach of Personal Guarantee

## (Against Defendants Shangara Singh and Tejinder Singh)

47. The preceding allegations are hereby incorporated by reference.

48. Baskin-Robbins has performed all of its obligations under the Franchise Agreement.

49. The conduct of Shangara Singh and Tejinder Singh ("Guarantors") described herein constitutes a breach of the above-described contractual obligations in the Franchise Agreement and written Guaranty.

50. Guarantors' breach constitutes good cause for terminating the Franchise Agreement.

51. Pursuant to the terms of the Personal Guarantee, the Guarantors' agreed, among other things, that upon a default under the Franchise Agreement, they would immediately make each payment and perform each obligation required by those agreements.

52. Despite Guarantors' obligations to do so, they have failed to make any payments or perform each obligation required by the Franchise Agreement.

53. As a result of Guarantors' actions or inactions, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in the current amount of $41,540.37, plus attorneys' fees, interest and costs.

## COUNT III

## Trademark Infringement

## (All Defendants)

54. The preceding allegations are hereby incorporated by reference.

55. Defendants' use in commerce of the Baskins-Robbins trademarks and

trade names outside the scope of the Franchise Agreement and without Baskins-Robbins' consent is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by Baskins-Robbins. Such unauthorized use of the Baskins-Robbins trademarks and trade names infringes the exclusive rights in its trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and applicable state law.

56. Defendants' acts were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

57. As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have Incurred and are continuing to Incur monetary damages in an amount that has yet to be determined.

## COUNT IV

## Unfair Competition

## (All Defendants)

58. The preceding allegations are hereby incorporated by reference.

59. Defendants' use in commerce of Baskins-Robbins' trademarks and trade names by Defendants outside the scope of the Franchise Agreement and without Baskins-Robbins' consent is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person. Such unauthorized use of Baskins-Robbins' trademarks and trade names violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and applicable state law.

60. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

61. As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

///

# COUNT V

## Trade Dress Infringement

## (All Defendants)

62. The preceding allegations are hereby incorporated by reference.

63. Defendants' shop is identified by signs, exterior appearance, packaging, containers, and other items on which the words "Baskins-Robbins" appear in the same lettering style and in the same distinctive color scheme that Baskins-Robbins uses for the shops operated by Baskins-Robbins' licensees.

64. Defendants' use of trade dress that is identical to the Baskins-Robbins trade dress outside the scope of the Franchise Agreement constitutes a false designation of the origin, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of their shops with the Baskins-Robbins shops operated by Baskins-Robbins' licensees.  Such adoption of Baskins-Robbins' trade dress violates Section 43 of the Lanham Act, 15 U.S.C. § 1125, and the common law.

65. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake or deceive.

66. As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1. Enter a declaratory judgment that Defendants' conduct violated the terms of the Franchise Agreement and sublease and constituted good cause for termination of the agreement;

2. Enter an order ratifying and enforcing the termination of the Franchise Agreement and sublease as of the effective date contained in the Notice of Termination;

3. Enjoin Defendants, and their agents, servants, employees and attorneys,

and all others in active concert or participation with them, from infringing upon the Baskins-Robbins trademarks, trade names, and trade dress, and from otherwise engaging in unfair competition with Baskins-Robbins;

4. Enjoin Defendants, and their agents, servants, employees and attorneys, and all others in active concert or participation with them, to comply with all post-termination monetary and de-identification obligations under any contract with Plaintiffs, including but not limited to, the Franchise Agreement and Personal Guarantees;

5. Enter a judgment in favor of Plaintiffs for the damages Incurred as a result of the breaches of the Franchise Agreement and Personal Guarantees, in an amount subject to proof but not less than $41,540.37;

6. Enter a judgment for possession and compel surrender of the leasehold to DB Real Estate Assets I LLC;

7. Award Plaintiffs prejudgment interest in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117, and applicable law;

8. Award Plaintiffs their costs and attorneys' fees incurred in connection with this action pursuant to the Franchise Agreement, personal guarantees, and Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

9. Award plaintiffs such other relief as this Court may deem just and proper.

Dated: May 22, 2019.

FOX ROTHSCHILD LLP

By /s/ Jaemin Chang
JAEMIN CHANG
Attorneys for Plaintiffs Baskin-Robbins Franchising LLC; BR IP Holder LLC; and DB Real Estate Assets I, LLC